UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALLEN JAMES GRANGER, § | |
| TDCJ # 01449194, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-1408 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## ORDER OF DISMISSAL

Petitioner Allen James Granger, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. After review under 28 U.S.C. § 2241 *et seq*. and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, and having considered the pleadings, the applicable law, and all matters of record, the Court will **dismiss** this case for the reasons explained below.

Granger is incarcerated at TDCJ's Allred Unit. He is serving a 60-year sentence for aggravated robbery based on a conviction in Jefferson County, Case No. 94387. *See* Offender Information, available at https://offender.tdcj.texas.gov/OffenderSearch/ index.jsp (last visited Apr. 29, 2021). Because he is in custody pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over his habeas petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state-court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Jefferson County, where Granger's state-court conviction was entered, is located in the Eastern District of Texas, Beaumont Division. *See* 28 U.S.C. § 124(c)(2). The Allred Unit, where the petitioner was incarcerated at the time he filed his petition, is located in Wichita County, which is in the Northern District of Texas, Wichita Falls Division. *See* 28 U.S.C. § 124(a)(6). The Court lacks habeas jurisdiction under 28 U.S.C. § 2241(d).

In certain cases, when a habeas action is filed in a court lacking jurisdiction, a court will transfer the petition to the proper court. In this case, however, the Court declines to transfer the petition because Granger has not stated a claim upon which habeas relief can be granted. A habeas petition under 28 U.S.C. § 2254 may be brought by a person in state custody "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Granger's petition states that he does not challenge his conviction, a parole revocation proceeding, or a disciplinary case. Rather, he seeks to challenge a "civil suit"

(Dkt. 1, at 3). He apparently refers to a class action currently pending in the Corpus Christi Division regarding hepatitis C treatment. *See Roppolo, et al. v. Linthicum, et al.*, Civil Action No. 2:19-CV-262 (S.D. Tex.). If Granger is a class member in *Roppolo*, any available remedy must be sought from the *Roppolo* court. To the extent Granger seeks to bring new civil rights claims regarding his medical care, the claims are not properly brought in this habeas action. *See* 28 U.S.C. § 2254(a).[1]

The habeas petition under 28 U.S.C. § 2254 (Dkt. 1) filed by Allen James Granger is **DISMISSED** for lack of subject matter jurisdiction. All pending motions, if any, are **DENIED as moot**. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, this 30th day of April, 2021.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, in civil rights actions, Granger is barred by the three-strikes rule under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* unless he is under "imminent danger of serious physical injury." *See Granger v. Arrowood*, Civil Action No. 7:16-CV-011-0 (N.D. Tex. Jan. 3, 2017) (collecting past strikes and holding that Granger is barred under 28 U.S.C. § 1915(g)).